UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>                              *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600<br><br>U.S. ARMY,<br>Office of the Army General Counsel<br>104 Army Pentagon<br>Washington, DC 20310-0104<br><br>                              *Defendants.* | Case No. 24-cv-2789 |

## COMPLAINT

1.    Plaintiff American Oversight brings this action against the U.S. Department of Defense and its component, the U.S. Army, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

1

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Defense ("DOD") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. Army ("Army") is a component of DOD, which is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Army has possession, custody, and control of records that American Oversight seeks. Arlington National Cemetery is under the jurisdiction of Army.

**STATEMENT OF FACTS**

8. On August 29, 2024, American Oversight submitted one FOIA request to Arlington National Cemetery ("ANC") seeking records with the potential to shed light on an incident involving members of former President Donald Trump's campaign that occurred at ANC on August 26, 2024.[1]

9. American Oversight's FOIA request to ANC, bearing internal tracking number DOD-ANC-24-1750, seeks the following, targeted category of records:

> Any report – including, but not limited to, an incident report filed with U.S. Army Military Police Corps officials and/or any other military officials at Arlington National Cemetery – regarding the alleged incident reported to have taken place during the August 26, 2024, visit by former President Trump to Arlington National Cemetery.[ ]
>
> Please provide all responsive records from August 26, 2024, through the date the search is conducted.

A true and correct copy of American Oversight's FOIA request to ANC is attached as Exhibit A.

10. American Oversight submitted its August 29, 2024 FOIA to an email address, FOIA@rmda.belvoir.army.mil, hyperlinked to "FOIA Requests" on the "Contact Us" page of ANC's website. Exs. B–C.

11. On August 30, 2024, American Oversight received an email notice that the submission to FOIA@rmda.belvoir.army.mil was undeliverable. Ex. D.

12. On August 30, 2024, American Oversight submitted its FOIA request to ANC a second time. This time, it submitted the FOIA via email to FOIA@rmda.belvoir.army.mil and

---

[1] *See, e.g.*, Quil Lawrence & Tom Bowman, *Trump Campaign Staff Had Altercation with Official at Arlington National Cemetery*, NPR (Aug. 28, 2024, updated 6:52 PM), https://www.npr.org/2024/08/27/nx-s1-5091154/trump-arlington-cemetery.

3

what appeared to be the public affairs office email address, arlingtoncemetery.pao@army.mil. Ex. E.

13. On August 31, 2024, American Oversight received an email notice that the second submission to FOIA@rmda.belvoir.army.mil was undeliverable; American Oversight did not receive any notifications that its submission to arlingtoncemetery.pao@army.mil was undeliverable. Ex. F.

14. On September 18, 2024, American Oversight emailed arlingtoncemetery.pao@army.mil and requested confirmation of receipt of its FOIA request. Ex. G. That same day, Chief of Public Affairs for ANC responded, stating as follows: "Our office does not process these requests. Please direct your FOIA request to: Mr. Steven Dawson at steven.a.dawson3.civ@army.mil." Ex. H.

15. On September 18, 2024, American Oversight sent its FOIA request to Mr. Steven Dawson at steven.a.dawson3.civ@army.mil. Ex. I. In its email, American Oversight summarized its efforts to submit its FOIA to ANC through ANC's website. American Oversight further asked that its FOIA request be processed in an expedited fashion "[g]iven the targeted nature of this request, the strong public interest in the subject matter, and the incorrect FOIA information on Arlington's website . . . ." *Id.*

16. On September 20, 2024, American Oversight emailed Mr. Dawson to confirm receipt of its email and FOIA request. Ex. J.

17. On September 23, 2024, American Oversight again emailed Mr. Dawson to confirm receipt of its September 18 email and FOIA request. Ex. K.

18. On September 25, 2024, American Oversight emailed Mr. Dawson, FOIA@rmda.belvoir.army.mil, arlingtoncemetery.pao@army.mil, and

4

kerry.l.meeker.civ@army.mil with an attached request to expedite its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E)(1) and 32 C.F.R. § 286.8(e)(1)(i)(B). Ex. L ("Request to Expedite").

19. On September 25, 2024, counsel for American Oversight spoke to Mr. Dawson by phone and learned that American Oversight's FOIA request would not be fulfilled in 10 calendar days.

20. On September 25, 2024, after the phone call referenced above, American Oversight received an email from Mr. Dawson suggesting that its FOIA request would not be fulfilled in 10 calendar days, thereby denying American Oversight's Request to Expedite. Ex. M.

21. As of the date of this Complaint, American Oversight has not received any further communication from Army, ANC, or Mr. Dawson regarding this FOIA request.

*Exhaustion of Administrative Remedies*

22. Upon receipt of American Oversight's FOIA request on August 30, 2024, ANC had a duty to route the request within 10 days to the appropriate component within the agency. *See* 5 U.S.C. § 552(a)(6)(A); *see also* 32 C.F.R. § 286.7(c) (requiring DOD components to reroute misdirected FOIA requests to appropriate DOD component, and to so notify requester).

23. Agencies generally have 20 working days from the date of submission to respond to a FOIA request. 5 U.S.C. § 552(a)(6)(A).

24. In the event that a request is misdirected to an agency component, the component has a duty to re-route the request to the appropriate agency component within 10 calendar days of receiving the request. 5 U.S.C. § 552(a)(6)(A); *see also* 32 C.F.R. § 286.7(c).

25. If the initial receiving agency component fails to route the misdirected request to the proper component within 10 calendar days, the proper component's 20-day timeline begins to run on the day that the FOIA was originally submitted. *Id.*

26. Because ANC did not route American Oversight's FOIA request to the appropriate component within 10 days of August 30, 2024, its deadline to respond to American Oversight's FOIA request was September 30, 2024. *See id.*; U.S. Dep't of Justice, Off. of Info. Pol'y, Blog Post: New Requirement to Route Misdirected FOIA Requests (updated July 28, 2021), https://www.justice.gov/oip/blog/foia-post-2008-oip-guidance-new-requirement-route-misdirected-foia-requests.

27. As of the date of this Complaint, Defendants have failed to: (a) grant American Oversight's proper request for expedited processing of its FOIA request, *see* Ex. M; (b) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; and (c) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

28. Through Defendants' failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

29. American Oversight is not required to exhaust its administrative remedies with respect to the adverse determination on its request to expedite processing of its FOIA request.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

30. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. American Oversight properly requested records within the possession, custody, and control of Defendants on an expedited basis.

32. Defendants are agencies subject to FOIA, and a component thereof, and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

33. The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance, and American Oversight is primarily engaged in disseminating information to the general public. Therefore, American Oversight's request justifies expedited processing under FOIA and agency regulations.

34. American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to grant expedited processing of American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

35. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36. American Oversight properly requested records within the possession, custody, and control of Defendants.

37. Defendants are agencies subject to FOIA, and a component thereof, and must therefore make reasonable efforts to search for requested records.

38. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

39. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

40. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

### COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

41. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42. American Oversight properly requested records within the possession, custody, and control of Defendants.

43. Defendants are agencies subject to FOIA, and a component thereof, and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

44. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

45. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

46. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

47. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to process Plaintiff's FOIA request on an expedited basis;

(2) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(3) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 1, 2024

Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
Daniel Martinez
CA Bar No. 333347*
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org

*Pro hac vice motion forthcoming. Member of the California Bar; practice in the District of Columbia under supervision of members of the D.C. Bar.*

*Counsel for Plaintiff*