UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>    Defendants. | Civil Action No. 24-2789 (PLF) |

## ANSWER

Defendants, the Department of Defense and the Department of Army, hereby answer Plaintiff's Amended Complaint, ECF No. 7.  Defendants deny each allegation of the Complaint not expressly admitted in their Answer and admit, deny, or otherwise respond to the numbered paragraphs of the Amended Complaint as follows:

1. The allegations in Paragraph 1 contain Plaintiff's characterization of this lawsuit to which no response is required.

### JURISDICTION AND VENUE[1]

2. The allegations in Paragraph 2 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and conditions of the Freedom of Information Act ("FOIA") and pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[1]     For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. The allegations in Paragraph 3 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

4. The allegations in Paragraph 4 contain Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to relief.

## PARTIES

5. Defendants lack knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendants admit the allegations in the first sentence in Paragraph 6. With respect to the remaining allegations, Defendants admit that, based on the language of the request, Defendant Department of Defense maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

7. Defendants admit the allegations in the first sentence in Paragraph 7. With respect to the remaining allegations, Defendants admit that, based on the language of the request, Defendant Department of the Army maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

## STATEMENT OF FACTS

8. The allegations in Paragraph 8 purport to characterize Plaintiff's August 29, 2024, FOIA request which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the August 29, 2024, FOIA request for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the FOIA request.

9. The allegations in Paragraph 9 purport to characterize Plaintiff's August 29, 2024, FOIA request which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the August 29, 2024, FOIA request for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the FOIA request.

10. Defendants lack knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 10. Additionally, the allegations in Paragraph 10 purport to characterize Exhibits B and C of Plaintiff's Amended Complaint. Defendants respectfully refer the Court to Exhibits B and C for a complete and accurate description of their contents and deny the allegations to the extent they are inconsistent with those Exhibits.

11. The allegations in Paragraph 11 purport to characterize an August 30, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the August 30, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the August 30, 2024, email.

12. Defendants lack knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 12. Additionally, the allegations in Paragraph 12 purport to characterize Exhibit E of Plaintiff's Amended Complaint. Defendants respectfully refer the Court to Exhibit E for a complete and accurate description of its' content and deny the allegations to the extent they are inconsistent with that Exhibit.

13. The allegations in Paragraph 13 purport to characterize an August 31, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the August 31, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the August 31, 2024, email.

14. The allegations in Paragraph 14 purport to characterize a September 18, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the September 18, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the September 18, 2024, email.

15. The allegations in Paragraph 15 purport to characterize a September 18, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the September 18, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the September 18, 2024, email.

16. The allegations in Paragraph 16 purport to characterize a September 20, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the September 20, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the September 20, 2024, email.

17. The allegations in Paragraph 17 purport to characterize a September 23, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the September 23, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the September 23, 2024, email.

18. The allegations in Paragraph 18 purport to characterize a September 25, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the September 25, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the September 25, 2024, email.

19. Defendants lack knowledge and sufficient information to form a belief as to the truth of the allegations in Paragraph 19.

- 5 -

20. The allegations in Paragraph 20 purport to characterize a September 25, 2024, email which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the September 25, 2024, email for a complete and accurate description of its contents and deny the allegations to the extent they are inconsistent with the September 25, 2024, email.

21. Defendants admit the allegations in Paragraph 21 and aver that Plaintiff received a response to its FOIA request on October 25, 2024.

*Exhaustion of Administrative Remedies*

22. The allegations in Paragraph 22 are legal conclusions to which no response is required.

23. The allegations in Paragraph 23 are legal conclusions to which no response is required.

24. The allegations in Paragraph 24 are legal conclusions to which no response is required.

25. The allegations in Paragraph 25 are legal conclusions to which no response is required.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required.

27. Defendants admit the allegations in Paragraph 27 and aver that Plaintiff received a response to its FOIA request on October 25, 2024.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**

30. Defendants incorporate their responses to Paragraphs 1-29 as if set forth fully herein.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to relief.

34. The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to relief.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

35. Defendants incorporate their responses to Paragraphs 1-34 as if set forth fully herein.

36. The allegations in Paragraph 36 are legal conclusions to which no response is required.

37. The allegations in Paragraph 37 are legal conclusions to which no response is required.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

39. The allegations in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

40. The allegations in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to relief.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

41. Defendants incorporate their responses to Paragraphs 1-40 as if set forth fully herein.

42. The allegations in Paragraph 42 are legal conclusions to which no response is required.

43. The allegations in Paragraph 43 are legal conclusions to which no response is required.

44. The allegations in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

45. The allegations in Paragraph 45 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

46. The allegations in Paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

47. The allegations in Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to relief.

## REQUESTED RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's requested relief to which no response is required. To the extent Plaintiff's requested relief is deemed to contain factual allegations, Defendants deny those allegations and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants throughout the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

Defendants conducted an adequate search for records responsive to the FOIA request.

**THIRD DEFENSE**

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

**SIXTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**EIGHTH DEFENSE**

The information, in whole or in part, that Plaintiff seeks in its FOIA request is exempt from public disclosure under the FOIA, and Defendants have not improperly withheld any records under 5 U.S.C. § 552, as amended.

\*     \*     \*

| | |
|---|---|
| Dated: November 4, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:       /s/ Dedra S. Curteman      <br>DEDRA S. CURTEMAN,<br>D.C. Bar #90021492<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2550<br><br>*Attorneys for the United States of America* |